IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

⭐ DEC 2 - 2008 ⭐

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

JOSEPH P. BOMMARITO,

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

Plaintiff,

-against-

MEMORANDUM AND
ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security.

07-CV-4529 (CBA)

Defendant.

-------------------------------------------------------------------x

AMON, United States District Judge:

Plaintiff Joseph Bommarito has petitioned for review of the Commissioner's denial of

disability benefits. Defendant Commissioner of Social Security made a motion for judgment on

the pleadings, and plaintiff made a cross-motion. For the reasons set forth below, this case is

remanded for an expedited hearing.

## I. Background

Plaintiff suffered an injury at work as an apprentice bridge painter in May 1998, when a

piece of equipment pinned him to the ground. Since then, he has suffered neck and shoulder pain

and numbness in his fingers on his left side, injuries which have been may have been exacerbated

by a car accident in 2003. His case has been reviewed by three different Administrative Law

Judges ("ALJs") after two remands by the Appeals Council due to legal errors in the first two

ALJ determinations. Remanding for the second time on March 23, 2006, the Appeals Council

instructed the ALJ as to specific methods of developing the record and supporting her

determinations. These instructions included an admonition that the ALJ "should . . . recontact[]"

1

the claimant's treating physicians in the event their opinions are not afforded great weight. (R. 349.)

In the final ALJ opinion, ALJ Hazel C. Strauss on April 18, 2007, on remand from the Appeals Council, found that the claimant was capable of doing light work available in the national economy. (R. 27-28.) Though she declined to give claimant's treating physicians' opinions great weight, she did not re-contact them. The Appeals Council denied claimant's third request for its review.

## II. Standard of Review

The Court reviews the Commissioner's decision to determine whether it is based upon correct legal standard and is supported by substantial evidence in the record as a whole. Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998). Substantial evidence is something "more than a mere scintilla," or an amount of evidence "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).

Plaintiff was required to show that he was disabled prior to December 31, 2000, the date on which his insurance status expired for the purpose of Social Security benefits. See Arnone v. Bowen, 882 F.2d 34, 37-38 (2d Cir. 1989). A person is disabled for the purposes of the Social Security laws if he lacks "the []ability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505. The impairment must be "severe" and "make[] [him] unable to do [his] past relevant work or any other substantial gainful work that exists in the national

2

economy." Id. (internal citations omitted). Plaintiff bears the burden of demonstrating that he has such a disability. Burgess v. Astrue, No. 05-4327-CV, slip op. 3497, 3517 (2d Cir. Aug. 8, 2008).

The Commissioner follows a five-step process in determining whether a disability exists. 20 C.F.R. § 404.1520. First, the Commissioner determines whether the claimant is engaging in substantial gainful activity; if so, the claimant will be found to be not disabled. 20 C.F.R. § 404.1520(a)(4)(i). He then considers whether claimant has a "severe medically determinable physical or mental impairment" lasting or expected to last at least 12 months or expected to result in death; if not, the claimant will be found to be not disabled. § 404.1520(a)(4)(ii); § 404.1509. Next, the Commissioner ascertains whether the claimant's impairment is on list of impairments; if so, the claimant is found to be disabled. § 404.1520(a)(4)(iii). If the impairment is not on the list, he then evaluates the claimant's "residual functional capacity" to see whether the claimant can do his "past relevant work." § 404.1520(a)(4)(iv). If not, the Commissioner finally considers whether the claimant can transition to other work, taking into account his age, education and work experience. § 404.1520(a)(4)(v). If the claimant can do either his past relevant work or transition to other work, he will be found to be not disabled; if he cannot, he will be found to be disabled.

III. Discussion

Social Security Rulings and relevant regulations require the Commissioner to give special consideration to the opinions of the claimants' treating physicians; even if the Commissioner determines the opinion is not sufficiently supported by evidence or consistent with other evidence, the Commissioner cannot simply reject the treating source's opinion without weighing

3

the evidence before him and filling in any gaps in the record. See 20 C.F.R. §§404.1527(d)(2), 416.927(d). "[A]n ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record." Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999) (citing Schaal, 134 F.3d at 505); see also Burgess, No. 05-4327-CV, slip op. 3519 - 3521. The Appeals Council directed the ALJ to evaluate the treating physician opinions in a specific way: "If the opinions are not afforded great weight, the physicians should be recontacted for additional evidence or clarification in accordance with 20 C.F.R. 404.1512 and 416.912 and Social Security Ruling 96-2p." (R. 349.) ALJ Strauss, on remand from that Appeals Council decision, elected not to give great weight to either of claimant's treating physicians, and provided specific explanations as to why she so declined. (See R. 21-25.) The ALJ did not, however, re-contact either of the treating physicians for additional evidence or clarification.

Because the ALJ has failed to properly develop the record in her consideration of the treating source rule, the proper disposition of this matter is a remand for further consideration. See Rosa, 168 F.3d at 82-83 ("Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence." (internal quotation marks omitted)). Specifically, if the opinions of the treating physicians are not given great weight on remand, the ALJ should, as directed by the Appeals Council in 2006, re-contact the claimant's treating physicians for additional evidence or clarification.

**IV. Conclusion**

The case is remanded for an expedited hearing to allow the Commissioner to develop the record in accordance with the instructions in the Appeals Council's March 23, 2006 decision. Given the duration of the proceedings thus far, the Commissioner shall conduct a hearing and issue a decision within one hundred and twenty days. See, e.g., Butts v. Barnhart, 388 F.3d 377, 387 (2d Cir. 2004) (imposing a time limit on subsequent proceedings).

SO ORDERED.

Dated:     Brooklyn, New York
           November 25, 2008

                                        s/ CBA
                                     Carol Bagley Amon
                                     United States District Judge

5